**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Nathreen Nakanwagi, | No. CV-15-01596-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Tenet Healthcare Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Sarah Nathreen Nakanwagi's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court will grant. However, as detailed below, the Court will dismiss Plaintiff's Complaint (Doc. 1) for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The Court will allow Plaintiff leave to file an amended complaint.

**I.   Application to Proceed in District Court Without Prepaying Fees or Costs**

In Plaintiff's Application for Leave to Proceed *in forma pauperis*, she declares under penalty of perjury that she is unable to pay the filing fee and other costs associated with this case. Plaintiff has presented financial information to support her Application. Given Plaintiff's lack of significant income and assets, the Court will grant her Application.

**II.   Screening of IFP Complaints**

   **a.   Legal Standards**

For cases proceeding *in forma pauperis*, Congress provided that a district court

"shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all *in forma pauperis* complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Further, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "In order to assist litigants to understand" this requirement, "Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are 'intended to indicate the simplicity and brevity of statements which the rules contemplate.'" *Kennedy v. Andrews*, CV-05-2692-PHX-NVW, 2005 U.S. Dist. LEXIS 32518, at *2-3 (D. Ariz. Dec. 8, 2005) (*quoting McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.1996)). Examples of different types of claims are contained in Forms 10 through 21.

The complaint must also provide each defendant with a fair opportunity to frame a responsive pleading. *McHenry*, 84 F.3d at 1176. Even where a complaint has the factual elements of a cause of action present but scattered throughout and not organized into a "short and plain statement of the claim," the Court may dismiss the complaint for failure to satisfy Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Dismissal of the complaint is appropriate if it is so "verbose, confused, and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond,* 417 F.2d 426, 431 (9th Cir. 1969).

Additionally, Rule 10(b) of the Federal Rules of Civil Procedure requires that:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

### b. Plaintiff's Complaint

In her Complaint, Plaintiff sues Tenet Healthcare Corporation, Russell K Pearce, the State of Arizona, and the United States of America. Although unclear, Plaintiff appears to assert numerous federal and state law claims against Defendants related to her alleged "forced sterilization" as a result of a doctor at Maryvale Hospital injecting her with "Toradol," a "fertility-impairing drug."

However, Plaintiff's Complaint fails to comply with the pleading requirements in Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's Complaint is comprised of approximately 91 pages of confusing and conclusory narrative statements rather than specifically enumerated causes of action or identifiable legal theories relating to specific Defendants that support any claim of relief. Although Plaintiff provides numerous numbered lists of statutes and constitutional provisions throughout her Complaint, her verbose, circular, and confusing discussions of her claims throughout the Complaint make it impossible for the Court to discern what specific causes of action she asserts against each Defendant. Likewise, it is impossible for the Court to determine from the Complaint whether any of the alleged conduct is sufficient to state a claim over which this Court has jurisdiction. In sum, the Complaint fails to provide a "short and plain statement" of any claim. Accordingly, the Court will dismiss Plaintiff's Complaint in its entirety.

### III. Leave to Amend

The Court will give Plaintiff an opportunity, if she so chooses, to amend her Complaint to make clear her allegations. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In the amended complaint, Plaintiff must write out, **in short, plain statements**, (1) the rights she believes were violated, (2) the name of the person or entity who violated each right, (3) exactly what that individual or entity did or failed to do, (4) how the action or inaction of that person or entity is connected to the violation of each right, and (5) what specific injury was suffered because of the other person's or entity's conduct.

Plaintiff is warned that if she elects to file an amended complaint and if she fails to comply with the Court's instructions explained in this Order or the Federal Rules of Civil Procedure, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint").

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint by **December 16, 2015**.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended

complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by **December 16, 2015**, the Clerk shall dismiss this action without further order of this Court.

Dated this 16th day of November, 2015.

Honorable John Z. Boyle
United States Magistrate Judge