**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Nathreen Nakanwagi, | No. CV-15-01596-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Tenet Healthcare Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Sarah Nathreen Nakanwagi's First Amended Complaint (FAC). (Doc. 9.) On August 18, 2015, Plaintiff filed her initial Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs. (Docs. 1, 2.) On November 16, 2015, the Court granted the Application, screened her Complaint, and dismissed it with leave to amend. (Doc. 8.) As detailed below, after screening, the Court will dismiss Plaintiff's FAC for failing to comply with Rule 8 of the Federal Rules of Civil Procedure. The Court will grant Plaintiff leave to file a second amended complaint.[1]

---

[1] On May 5, 2016, Plaintiff filed a "Suppl[e]ment to Amended Complaint," which appears to assert similar allegations and claims as those in Plaintiff's FAC. (Doc. 11.) The Court construes Plaintiff's filing as a Second Amended Complaint. However, Plaintiff did not comply with the requirements of Rule 15.1 of the Local Rules of Civil Procedure. Therefore, the Court will strike Plaintiff's filing at Doc. 11, and screen only Plaintiff's FAC at Doc. 9.

## I. Legal Standards

### a. 28 U.S.C.A. § 1915(e)(2)

For cases proceeding *in forma pauperis*, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all *in forma pauperis* complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

### b. Rule 8

Rule 8(a) provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). A complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint must also provide each defendant with a fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). Even where a complaint has the factual elements of a cause of action present but scattered throughout and not organized into a "short and plain statement of the claim," the Court may dismiss the complaint for failure to satisfy Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Dismissal of the complaint is appropriate if it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F. 2d 426, 431 (9th Cir. 1969).

## II. Analysis of Plaintiff's FAC

Plaintiff's FAC appears to assert claims against Tenet Healthcare Corporation (Tenet) and Russell K. Pearce (Pearce).[2] As with her initial Complaint, Plaintiff's FAC appears to assert numerous claims against Tenet based on her allegations that a nurse at Maryvale Hospital, at the direction of a doctor at the Hospital, intentionally injected Plaintiff with "Toradol" without Plaintiff's consent. (Doc. 9 at 1–4.) Plaintiff asserts claims against Pearce based on an alleged statement he made promoting sterilization of women on Medicaid. (*Id.* at 8.)

### a. Subject Matter Jurisdiction

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the Court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

The United States Code specifies the requirements for federal subject matter jurisdiction based on diversity. Namely, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; meaning, every plaintiff must be diverse from every defendant. *Id.* A "natural person's state citizenship is . . . determined by her state of domicile, not her state of residence."

---

[2] The Court does not construe Plaintiff's FAC as naming Doctor John Doe or Nurse Jane Doe as Defendants, or asserting any claims directly against either of those individuals. Rather, it appears Plaintiff seeks to assert claims against Tenet for the alleged unlawful conduct of John and Jane Doe under a theory of vicarious liability.

- 3 -

*Cady v. Am. Family Ins. Co.*, 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) (quoting *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). A natural person is domiciled in the location in which she has established a fixed habitation or adobe, and she has an intention to remain permanently or indefinitely. *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (citations omitted). A corporation is a citizen of the state where it is incorporated and the state of its principal place of business. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Here, the Court finds Plaintiff's FAC lacks a clear statement of the grounds for this Court's subject matter jurisdiction, as required by Rule 8(a). As the basis for jurisdiction, Plaintiff asserts that "District courts are the court with the jurisdiction to handle and hear cases involving human rights." (Doc. 9 at 1.) Further, Plaintiff appears to plead her claims as all arising under federal law. (*Id.* at 4-8, 10.) Therefore, it appears Plaintiff is asserting federal question jurisdiction. However, as detailed below, Plaintiff has failed to state a federal claim for relief.

Further, it is unclear to the Court whether Plaintiff seeks to assert state law tort claims, over which this Court may have diversity jurisdiction.[3] (*Id.* at 4-7.) Plaintiff does not identify her citizenship in her FAC, although her address of record is in Arizona. (*See* Doc. 10.) Plaintiff asserts that Tenet is "headquartered" in Texas and operates Maryvale Hospital in Phoenix, Arizona. (*Id.* at 1.) However, Plaintiff does not address where Tenet is incorporated or its principle place of business. Plaintiff likewise does not address of what state Pearce is a citizen. Therefore, even if Plaintiff is attempting to assert state law tort claims, it is unclear from the FAC whether the Court has diversity jurisdiction over this matter.

Plaintiff must provide a clear basis for the Court's jurisdiction. This defect alone is cause for the Court to dismiss the FAC. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005). As detailed below, the Court will allow Plaintiff leave to amend

---

[3] Plaintiff cites to federal authority as the basis for her claims. However, as detailed below, Plaintiff references some titles of state law tort causes of action throughout her FAC. The Court will grant Plaintiff leave to amend to make her claims clear.

to clarify the basis for this Court's jurisdiction. Below, the Court addresses the specific claims Plaintiff asserts in her FAC.

### b. Plaintiff's Allegations and Claims Against Tenet

Plaintiff alleges that Tenet "operates Maryvale Hospital in Phoenix, Arizona." (Doc. 9 at 1.) Plaintiff asserts that on January 11, 2015, she went to Maryvale Hospital. (*Id.* at 2.) Plaintiff requested and consented to receiving a drug called Diclofenac. (*Id.*) Plaintiff was assured by the nurse that she was receiving Diclofenac. (*Id.*) Upon discharge, Plaintiff learned that she had been given a drug called Toradol, instead of Diclofenac. (*Id.*) Plaintiff asserts she never consented to receiving Toradol. (*Id.*)

Plaintiff further claims she was not given material facts relating to the risks involved with receiving Toradol, and that she "never would have accepted being injected with Toradol." (*Id.* at 2–3.) Plaintiff asserts Nurse Jane Doe injected her with an "overdose of Toradol," and that the hospital staff ignored "material warnings" regarding Toradol.[4] (*Id.*) In February 2015, Plaintiff's family doctor "placed [Plaintiff] on infertility counseling, because [her] fertility was impaired." (*Id.* at 2.) Plaintiff also claims she suffers from the following injuries as a result of Defendants' alleged conduct: "near blindness, emotional distress, insomnia, forgetfulness, anxiety, acute chest pain, and symptom of impaired cardiac function." (*Id.* at 4.)

On the basis of these alleged facts, Plaintiff asserts the following claims for relief against Tenet: battery, fraud and misrepresentation, intentional infliction of emotional distress, invasion of privacy, violation of her religious beliefs, and discrimination. (*Id.* at 4–6.) Plaintiff demands a judgment of $500,000,000, plus costs. (*Id.* at 9.)

The Court addresses Plaintiff's claims below.

---

[4] For example, Plaintiff alleges she informed the staff at Maryvale Hospital that she was allergic to acetaminophen and taking Isoniazid. Plaintiff alleges that "Toradol product inserts" indicate that giving Toradol to a patient "who is allergic to acetaminophen, and/or who is taking drugs like the prescription Isoniazid . . . [increases] the incidence of dangerous and undesirable adverse effects." (*Id.* at 3.)

- 5 -

### i. Battery[5]

Plaintiff alleges a claim for battery against Tenet. (Doc. 9 at 4.) Plaintiff cites to a federal criminal statute[6] and two articles of the United Nations Convention Against Torture, none of which provide Plaintiff with a private right of action. Plaintiff also cites to 42 U.S.C. § 2000d, which provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." However, Plaintiff fails to set forth factual allegations to state a claim that she suffered discrimination pursuant to § 2000d. Finally, Plaintiff cites to 42 U.S.C. § 13981. However, the federal civil remedy provided by 42 U.S.C. § 13981 is not available to Plaintiff because that statute was held unconstitutional by the Supreme Court. *U.S. v. Morrison*, 529 U.S. 598, 627 (2000) ("Congress' effort in § 13981 to provide a federal civil remedy can be sustained neither under the Commerce Clause nor under § 5 of the Fourteenth Amendment."). Plaintiff's FAC therefore fails to state a claim based on the statutes and other authority she cites.

To the extent Plaintiff is attempting to assert a state law tort claim for battery, she may make her claims clear in a second amended complaint. *See Duncan v. Scottsdale Med. Imaging, Ltd.*, 70 P.3d 435, 438 (Ariz. 2003) ("[a]n actor is subject to liability to another for battery if the actor intentionally engages in an act that results in harmful or offensive contact with the person of another.").

### ii. Fraud and Misrepresentation

Plaintiff alleges claims for fraud and misrepresentation against Tenet. (Doc. 9 at

---

[5] Plaintiff appears to assert all of her claims against Tenet based on a theory of respondeat superior, rather than direct liability. "Under respondeat superior, an employer in Arizona is vicariously liable for the behavior of an employee only when the employee acts within the course and scope of his employment." *Loos v. Lowe's HIW, Inc.*, 796 F. Supp. 2d 1013, 1022 (D. Ariz. 2011) (citing *Smith v. Am. Express Travel Related Serv. Co.*, 876 P.2d 1166, 1170 (Ariz. Ct. App. 1994)).

[6] 18 U.S.C. § 1116(b)(4). (Doc. 9 at 4.)

4.) Plaintiff cites to 18 U.S.C. § 1035, which is a criminal statute that does not provide a private right of action. The Court will therefore dismiss these claims.

To the extent Plaintiff is attempting to assert state law tort claims for fraud and/or negligent misrepresentation against Tenet, she may make her claims clear in a second amended complaint. *See Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982) ("[a] showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; and (9) his consequent and proximate injury."); *Taeger v. Catholic Family & Cmty. Serv.*, 995 P.2d 721, 730 (Ariz. Ct. App. 1999) (To state a claim for negligent misrepresentation, (1) there must be incorrect information given for the guidance of others in business dealings; (2) the party giving the false information intended, or could reasonably foresee, that the other parties would rely on that information; (3) the party giving the false information failed to exercise reasonable care in obtaining or communicating that information; (4) the other parties actually relied on the incorrect information to their determent and were justified in doing so; and (5) such reliance caused their damages.). Plaintiff must plead both claims with particularity. *See* Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) ("Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged.").

### iii. Intentional Infliction of Emotional Distress

Plaintiff alleges a claim for intentional infliction of emotional distress against Tenet. (Doc. 9 at 5.) Plaintiff relies on a federal criminal statute[7] and one article of the United Nations Convention Against Torture, both of which do not provide a private right of action. Plaintiff also cites to 42 U.S.C. § 2000d. However, for the same reasons as stated above, Plaintiff has failed to state a claim under 42 U.S.C. § 2000d. Therefore,

---

[7] 18 U.S.C. § 1116(b)(4). (Doc. 9 at 4.)

- 7 -

1  Plaintiff's FAC has failed to state a claim for relief under the authority she cites.

2  To the extent Plaintiff is attempting to assert a state law tort claim for intentional infliction of emotional distress, she may make her claims clear in a second amended complaint. *See Day v. LSI Corp.*, 2016 U.S. Dist. LEXIS 41446 (D. Ariz. Mar. 28, 2016) (citing *Citizen Publishing Co. v. Miller*, 115 P.3d 107, 111 (Ariz. 2005); *Wells Fargo Bank v. Ariz. Laborers, Teamsters, and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12 (Ariz. 2002)). ("(1) the conduct of defendant was 'extreme' and 'outrageous,' (2) defendant intended to cause emotional distress or recklessly disregarded the near certainty that such conduct would result from his conduct, and (3) severe emotional distress did occur as a result of defendant's conduct."); *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (quotation omitted) (to state a claim, the acts must be "'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'").

### iv.   Invasion of Privacy

Plaintiff alleges a claim for invasion of privacy against Tenet.  (Doc. 9 at 5.) Plaintiff relies on the Ninth Amendment of the United States Constitution and an article of the United Nations Convention Against Torture, both of which do not provide a right of action in this case.  Plaintiff's FAC therefore does not state a claim for relief under the authority she cites.[8]

### v.   Violation of Religious Beliefs

Plaintiff alleges claims for violation of her religious beliefs against Tenet. (Doc. 9 at 6.)   Plaintiff cites to the Ninth Amendment, and an article of the United Nations

---

[8] In the separate "Demand" section of her Complaint, Plaintiff generally states that she "invoke[s] the Restatement (second) of Torts §§ 652A(1)." (*Id.* at 10.)  However, the cited section of the Restatement generally lists all four categories of the common law right of privacy, and Plaintiff fails to set forth sufficient factual allegations to state a claim under any of the categories.  To the extent Plaintiff seeks to assert a state law tort claim for invasion of privacy, she may make that claim clear, and set forth sufficient facts to state such a claim, in a second amended complaint.

- 8 -

1 Convention Against Torture, both of which do not provide a right of action in this case.
2 Plaintiff also cites to 42 U.S.C. § 2000bb.  However, the Supreme Court declared the
3 Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb-2000bb-4,
4 unconstitutional as applied to the States. *See City of Boerne v. Flores*, 521 U.S. 507, 536
5 (1997).  Congress subsequently enacted the Religious Land Use and Institutional Persons
6 Act of 2000 (RLUIPA), which provides, in relevant part, that "[n]o government shall
7 impose a substantial burden on the religious exercise of a person residing in or confined
8 to an institution . . . , even if the burden results from a rule of general applicability,"
9 unless the government establishes that the burden furthers "a compelling governmental
10 interest" and does so by the "least restrictive means."  42 U.S.C. § 2000cc-1(a).  Here,
11 Plaintiff has not alleged any state action or other facts sufficient to state a claim.
12 Therefore, the Court will dismiss this claim.

### vi. Discrimination

Plaintiff alleges claims for discrimination against Tenet.  (*Id.* at 6.)  Plaintiff relies on an article of the United Nations Convention Against Torture and two articles of the International Convention on the Elimination of Discrimination, all of which do not provide a private right of action.  Plaintiff also relies on 42 U.S.C. §§ 1981, 1982, and 1983, but fails to state a claim for relief under any of these statutes.

"To state a claim for relief in an action brought under § 1983, Plaintiff must [allege] that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50, 1 (1999).  Further, the requisite elements of a § 1983 claim against a private entity performing a state function are: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to a deprivation of plaintiff's constitutional rights; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (quotation marks and citation omitted).

Here, Plaintiff fails to allege facts sufficient to state a claim against Tenet under 42 U.S.C. § 1983.  Plaintiff does not allege facts to establish that Tenet, a private corporation, took any action under color of state law.  *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 991) (generally, private parties are not acting under color of state law). Plaintiff further fails to identify any Tenet policy or custom that denied Plaintiff her constitutional rights.  Accordingly, Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

Further, 42 U.S.C. 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Here, however, Plaintiff fails to set forth any factual allegations regarding her ability to make and enforce contracts.  Therefore, Plaintiff has failed to state a claim against Tenet pursuant to § 1981.

Finally, 42 U.S.C. § 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."  However, Plaintiff fails to assert any allegations of race discrimination with regard to her property rights.  Therefore, she has also failed to state a claim under 42 U.S.C. § 1982.

### c. Plaintiff's Allegations and Claims Against Pearce

Plaintiff alleges a claim of "incitement of violence against women" against Pearce. (*Id.* at 8.)  Plaintiff's FAC again cites to a statute and other authority that do not provide for a private cause of action.  Plaintiff also cites to 42 U.S.C. § 1985(3), but she does not allege any facts suggesting Pearce conspired with any other party to interfere with Plaintiff's civil rights, or that Pearce was acting under color of state law.  *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 930 (9th Cir. 2004) (To state a claim for civil conspiracy under 42 U.S.C. § 1985(3), "a plaintiff must first have a cognizable claim under § 1983.").  Further, Plaintiff does not offer any factual allegations regarding how

Pearce's comments are related to her allegations of "forced sterilization." Instead, Plaintiff merely asserts that she "strongly believe[s] that the forced sterilization [she] was subjected to . . . is related to Russell K. Pearce's comments." (*Id.*) Conclusory statements are insufficient to meet the pleading requirements set forth above. For all these reasons, Plaintiff has failed to state a claim for relief against Pearce.

**III.  Leave to Amend**

The Court will give Plaintiff an opportunity, if she so chooses, to amend her FAC to make her claims and allegations clear, to set forth the basis for this Court's jurisdiction over her claims, and to otherwise state a claim for relief. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Plaintiff must write out, in short, plain statements, (1) the rights she believes were violated, (2) the name of the person or entity who violated each right, (3) exactly what that individual or entity did or failed to do, (4) how the action or inaction of that person or entity is connected to the violation of each right, and (5) what specific injury was suffered because of the other person's or entity's conduct.

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 9) is dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a second amended complaint within 30 days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a second amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file a second amended complaint within 30 days of the date of this Order, the Clerk shall dismiss this action

1 without further order from this Court.
2      **IT IS FURTHER ORDERED** that Plaintiff's "Suppl[e]ment to Amended
3 Complaint" (Doc. 11) is stricken.
4      Dated this 16th day of May, 2016.

                    Honorable John Z. Boyle
                    United States Magistrate Judge

- 12 -