**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Nathreen Nakanwagi, | No. CV-15-01596-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Tenet Healthcare Corporation, | |
| Defendant. | |

Plaintiff Sarah Nathreen Nakanwagi filed a complaint against Defendant Tenet Healthcare Corporation seeking monetary damages for alleged tortious conduct. Doc. 13. Defendant has filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Doc. 30. The motion is fully briefed (Docs. 30, 37, 38), and the Court concludes that oral argument is not necessary. For the reasons set forth below, the Court will grant Defendant's motion to dismiss.

**I.    Background.**

Defendant is a Nevada corporation with its principal place of business in Dallas, Texas. Doc. 30 at 3. Defendant is the parent corporation of VHS Acquisition Corporation, a wholly owned subsidiary. *Id.* VHS is an Arizona corporation which "owns, operates and does business as Maryvale Hospital[]" in Arizona. *Id.* Plaintiff – a legal permanent resident domiciled in Arizona – was allegedly injured when she received treatment for menstrual pain at Maryvale Hospital on January 11, 2015. Doc. 13, ¶¶ 2-8.

## II. Legal Standard.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). The Court may not assume the truth of allegations in a pleading that are contradicted by an affidavit, but factual disputes are resolved in Plaintiff's favor. *Id.*

## III. Personal Jurisdiction.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (citation omitted). Arizona has authorized its courts to exercise jurisdiction to the maximum extent permitted by the Due Process Clause of the U.S. Constitution. *See* Ariz. R. Civ. P. 4.2(a). Thus, courts in the District of Arizona may exercise jurisdiction over a defendant who is not physically present in Arizona if the defendant has minimum contacts with the State, such that the suit can be maintained without offending traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Court may assert "general" personal jurisdiction over a defendant whose activities in the forum state are substantial or continuous and systematic, even if the plaintiff's claims are unrelated to those activities. *See Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986) (citing *Data Disc, Inc. v. Syst. Tech. Assoc., Inc.*, 557 F.2d 1289, 1287 (9th Cir. 1977)). Alternatively, "specific" personal jurisdiction can be established when the defendant purposely directed conduct at the forum, the claim arises out of the defendant's forum-related activities, and

the exercise of jurisdiction comports with fair play and substantial justice. *Mavrix Photo*, 647 F.3d at 1227-28. The first requirement – purposeful direction – can be satisfied when a defendant (1) commits an intentional act, (2) expressly aimed at the forum, (3) which causes foreseeable harm in the forum. *Id.* This test is sometimes referred to as the "effects test." *Id.*

The effects test does not "stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction." *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012) (citation and quotation marks omitted). Nor does the effects test mean that specific jurisdiction may be based solely on a defendant's knowledge that the subject of his tortious activity resides in a particular state. *See Walden*, 134 S.Ct. at 1125. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

Defendant argues that it is not subject to this Court's general jurisdiction because Defendant is not at home in Arizona, and is not subject to specific jurisdiction because Plaintiff's claims do not arise out of Defendant's activities in the State. Doc. 30. Plaintiff does not allege that Defendant has had any direct contact with the forum. Rather, Plaintiff relies on the parent-subsidiary relationship between Defendant and Maryvale Hospital. Doc. 37, ¶ 12. Plaintiff argues that "Tenet is subject to jurisdiction in Arizona in light of having entered into a carefully structured parent-subsidiary relationship that envisioned continuing and wide-reaching contacts with the healthcare system in Arizona." *Id.* Plaintiff also argues that Defendant has such pervasive control over Maryvale hospital that Maryvale is Defendant's "agent, instrumentality, or alter-ego." *Id.*, ¶¶ 17, 19. As a result, Plaintiff claims, Maryvale's contacts in Arizona can be attributed to Defendant for purposes of asserting personal jurisdiction. *Id.*, ¶¶ 20, 31-32. Defendant does not dispute that Maryvale hospital is a wholly owned subsidiary of Defendant, but maintains that Defendant and Maryvale hospital are distinct corporate entities. Doc. 38 at 8. Thus, the only question before this Court is whether Maryvale's

contacts with Arizona can be attributed to Defendant.

Plaintiff's agency theory cannot succeed. The Ninth Circuit once recognized an agency theory for personal jurisdiction, *Doe v. Unocal Corp.*, 248 F.3d 915, 928 (9th Cir. 2001), but the Supreme Court rejected that theory, noting that it would "subject foreign corporations to general jurisdiction whenever they have an instate subsidiary or affiliate," *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). The Court therefore will focus only on Plaintiff's alter ego argument.

### A. Alter Ego Choice of Law.

The parties do not address what law should govern the alter ego analysis. Plaintiff cites cases from a range of circuits and district courts. Defendant relies primarily on two cases from the Ninth Circuit, *Doe v. Unocal Corp.*, 248 F.3d 915 (9th Cir. 2001), and *Ranza v. Nike*, 793 F.3d 1059 (9th Cir. 2015). *Unocal* looked mostly to California law, but also cited federal court decisions from New York, Illinois, Delaware, and Florida. *See Unocal*, 248 F.3d at 926-27. *Ranza* applies the alter ego standard set forth in *Unocal*. *See Ranza*, 793 F.3d at 1071, 73-74. In the absence of any assertion that the law of some other jurisdiction should apply, the Court will also look to *Unocal* and *Ranza*.

### B. Alter Ego Analysis.

In *Ranza*, the Ninth Circuit provided this explanation of the alter ego test, relying primarily on *Unocal*:

> To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice. The "unity of interest and ownership" prong of this test requires a showing that the parent controls the subsidiary to such a degree as to render the latter the mere instrumentality of the former. This test envisions pervasive control over the subsidiary, such as when a parent corporation dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operation. Total ownership and shared management personnel are alone insufficient to establish the requisite level of control.

*Id.* at 1073 (quotation marks, brackets, and citations omitted).

Plaintiff alleges that Defendant actively advertises the services of its subsidiary hospitals, including Maryvale, on its website. Doc. 37, ¶ 7. Defendant's website also advertises employment opportunities available in these subsidiary hospitals, as well as health insurance products tailored to the residents of Arizona. *Id.* Plaintiff further contends that Defendant is involved in setting the rates at Maryvale hospital, including by engaging in negotiations with insurance companies. *Id.*, ¶ 8; *Id.* at 16 (Exhibit B). Plaintiff also argues that Defendant "had the employees in its subsidiary embrace its organizational culture[,]" and that "Defendant invested money in the information technology infrastructure (medical records, upgrading the clinical and financial systems in the Phoenix market) of its subsidiaries in Arizona, including Maryvale hospital." *Id.*, ¶¶ 23-24. Finally, Plaintiff alleges that Defendant utilized the benefits and advantages of Arizona law to obtain stock in Maryvale and profit from the activities of the hospital. *Id.*, ¶¶ 29-30.

These contentions are simply not sufficient to meet the high burden of showing "such unity of interest and ownership that the separate personalities [of Defendant and Maryvale hospital] no longer exist." *Ranza*, 793 F.3d at 1073. Plaintiff alleges that Maryvale hospital "operational activities are controlled by" Defendant (Doc. 37, ¶ 31), but provides no facts to show "pervasive control over the subsidiary, such as when a parent corporation 'dictates every facet of the subsidiary's business – from broad policy decisions to routine matters of day-to-day operation.'" *Id.* As the Ninth Circuit has noted "[a] parent corporation may be directly involved in financing and macro-management of its subsidiaries . . . without exposing itself to a charge that each subsidiary is merely its alter ego." *Unocal Corp.*, 248 F.3d at 927. Plaintiff provides no evidence to suggest that Defendant and Maryvale hospital have "fail[ed] to observe their respective corporate formalities." *Ranza*, 793 F.3d at 1074. What is more, Defendant entirely disregards the second element of the alter ego test recognized in *Ranza* and *Unocal*: "that failure to disregard their separate identities would result in fraud or injustice." *Id.* at 1073.

Plaintiff has failed to show that Maryvale hospital is an alter ego of Defendant. Because Plaintiff has not alleged any direct contact between Defendant and the State of Arizona, this Court does not have personal jurisdiction over Defendant.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 30) is **granted.** The Clerk of Court is directed to terminate this matter.

Dated this 30th day of January, 2017.

_____
David G. Campbell
United States District Judge